THE PEOPLE, *ex rel.* Jehiel K. Hoyt, *vs.* THE COMMISSIONERS OF TAXES AND ASSESSMENTS FOR THE CITY AND COUNTY OF NEW YORK.

The terms of the provisions of the revised statutes relating to the assessment and collection of taxes (1 *R. S.* 5*th ed. p.* 908, § 5) are sufficiently broad to include goods and chattels, owned by a resident liable to taxation, which when a tax is assessed are out of the state, and capital employed by him in business carried on out of the state, as well as goods, chattels and capital owned and used by him within the state, and all things in action belonging to him.

It has not been the intention of the legislature, either by the revised statutes or the subsequent amendments thereto, to exempt from taxation any personal property of a resident of this state for the reason that, at the time when the tax is levied, such property is beyond the boundaries of the state; but the law, in this respect, remains the same as it was before the revised statutes were enacted.

An individual applying to be relieved from a tax should make such a statement of the facts, in his affidavit, as clearly and necessarily to entitle him to the relief demanded; otherwise his application should be denied.

CERTIORARI to review the action and decision of the commissioners of taxes and assessments for the city and county of New York, by which they denied an application made to them by the relator for the remission of a tax assessed upon his personal estate, for the year 1860.

*Lowrey & Hutchinson,* for the relator.

*G. C. Bronson,* for the defendants.

*By the Court,* BONNEY, J.   By the return of the commissioners of taxes and assessments for New York to the certiorari in this case, it appears that the relator is a resident of the city of New York ; that his personal estate was assessed for the year 1860, by the deputy tax commissioners, at $4000. That he afterwards appeared before the commissioners, and being examined on oath stated that the value of all his personal property within this state was exceeded in amount by his just debts and liabilities, and that he had personal property elsewhere than in this state, the value of which would be $4000, over and above all his debts and liabilities.   The relator also submitted to the commissioners his affidavit, sworn before one of them, stating that he is a merchant, and his principal place of business is in New Orleans ; that he resides in New York and has an office here only for the purchase of goods : that the amount of personal property held by him within the state of New York, after deducting his just debts and liabilities, exclusive of stocks of incorporated companies in this state, does not exceed the sum of one dollar : that the amount of stocks and bonds held by him of other states or of incorporated companies out of this state, does not exceed the sum of one dollar ; that he holds no property in trust : and that he has no personal property of any description in possession, not included in the above statement, except capital employed in his business in New Orleans, which is taxed and taxable there, and farm stock and household furniture in the state of New Jersey, which are taxable by the laws of New Jersey.

The commissioners thereupon found and decided, 1. That the relator was a resident of the city and county of New York ; 2. That he owned personal estate to the amount of $4000 ; 3. That under the act of April 15, 1851, he was lia-

ble to be assessed for all personal estate owned by him wherever the subject of the same might be; 4. That personal estate or property has no situs, but follows the person; and they denied his application for remission or reduction of said tax, notwithstanding the goods and chattels owned by him were (as was by the commissioners stated) in the city of New Orleans, and without the state of New York.

The relator insists that this decision of the tax commissioners is erroneous, and asks to have it reversed.

The statutes of this state in relation to the assessment and collection of taxes, as amended by the act of 1851, referred to by the commissioners, (1 R. S. 5th ed. 908, § 5,) provide that every person shall be assessed, in the town or ward where he resides, for all personal estate owned by him; and (p. 912, § 21,) that when any person shall apply to the assessors to reduce the value of his real and personal estate as set down in the assessment roll, it shall be the duty of such assessors to examine such person under oath, and after such examination to fix the value thereof at such sum as they may deem just. This latter provision is in substance re-enacted in relation to taxes and assessments in the city of New York; (L. of 1859, 681, § 10;) and by section 20 of the last mentioned act, the decision of the commissioners (assessors) is made subject to review by this court on certiorari. The section of the statute first above referred to (§ 5) is sufficiently broad in its terms to authorize and require the assessment of taxes on all personal property owned by a resident of this state, although such property may not accompany the person of the owner, and may not be actually within the state. It is also a well settled and generally admitted principle of law, that personal property has no locality, but follows and is subject to the law which governs the person of its owner. (Story's Con. of Laws, § 379 to 381. 2 Kent's Com. 429. Andrews v. Herriot, 4 Cowen, 508, notes.)

The relator, however, insists that by the revised statutes of 1830, personal property within this state, only, was made

liable to taxation here; (1 *R. S.* 387, § 1 ;) and that this statutory provision applies to and modifies all enactments of the legislature in relation to the assessment and collection of taxes, as well as all general principles of law which might otherwise be decisive of or affect this question. The decision of this point requires an examination of the course of legislation in this state on this subject.

The act passed April 8, 1801, (1 *W. & S. Laws*, 547, § 2,) directed the assessors of every town or ward to set down in the assessment roll for taxation the value of the personal estate of every person residing in such town or ward over and above all debts and demands against him, and that every person should be taxed in the town or ward where he resided ; and in the revision of 1813, (2 *R. L.* 1813, 509, § 2,) the same provision is retained in substantially the same words. The act of April 23, 1823, (*L. of* 1823, 391, § 4,) provided, that all real estate within this state, and all personal estate of whatsoever description, goods, chattels, debts, dues from solvent debtors, notes, bonds, mortgages, bank stock, and all other kinds of stock, and all such property real and personal as is not exempted by some law of the United States, or of this state, or by the constitution of this state, shall be subject to taxation ; and this continued to be the law until the revised statutes of 1830 went into effect, by which, as the relator supposes, personal property within this state only is made the subject of taxation here; and the question presented by this case is, what was the intent of the legislature in this regard, as expressed in the enactments then made ?

The act of 1830, entitled " Of the property liable to taxation," (1 *R. S.* 387, *5th ed.* 905,) provides (§ 1) that " All lands and all personal estate within this state, whether owned by individuals or by corporations, shall be liable to taxation, subject to the exemptions hereinafter specified ;" and (§ 3) that the terms " personal estate" and " personal property," whenever they occur in the chapter entitled " Of the assessment and collection of taxes," shall be construed to include

all household furniture, moneys, goods, chattels, debts due from solvent debtors, whether on account, contract, note, bond or mortgage, public stocks and stocks in moneyed corporations.

It is to be observed that this first section makes no distinction between residents and non-residents of the state, but construed literally and by itself, subjects the personal property of both alike (if such property be within the state) to taxation. It has however been held, and so far as I know is universally conceded, that personal property within this state belonging to a non-resident cannot be here taxed, except under the act passed February 27, 1855, which applies only to capital invested by non-residents in business carried on in this state. (*N. Y. & Harlem Rail Road Company* v. *Lyon,* 16 *Barb. 651.*)

It must also, I think, be admitted that the " personal property" of a resident, made liable to taxation by the terms of the above sections, includes debts due to him from non-resident debtors, or secured by mortgage on land in a foreign state ; the public stocks of a foreign state, and stocks in moneyed corporations chartered by a foreign state ; for all such property consisting only in rights of action, can from its nature have no situs or locality distinct from that of the person to whom it belongs.

The question then remains, was it the intent of the legislature, as expressed in these two sections, to exclude and exempt from taxation here as personal property, merchandise, goods and chattels belonging to a resident which at the time when the assessment is made, are not within the state, and capital invested by him in business then carried on out of the state.

It may properly be here observed, that the statement of this relator is, that his principal place of business is in New Orleans, and that he has an office here only for the purchase of goods—from which the natural inference is, that the relator residing in New York has here his office for the purchase

The People *v.* Commissioners of Taxes &c. in New York.

of part at least of the merchandise which is sold in his business in New Orleans.

The statutes relating to the assessment and collection of taxes provide, (1 *R. S. 5th ed.* 908, § 5,) that "Every person shall be assessed in the town or ward where he resides when the assessment is made, for all personal property owned by him &c. ;" and, (*p.* 909, § 9, *sub.* 4,) require the assessors to set down "the full value of all the taxable personal property owned by such person (taxable inhabitant) after deducting the just debts owing by him."

The terms of these provisions are sufficiently broad to include goods and chattels, owned by a resident liable to taxation, which when a tax is assessed are out of the state, and capital employed by him in business carried on out of the state, as well as goods, chattels and capital owned and used by him within the state, and all things in action belonging to him ; and after examination of all the provisions of the revised statutes relating to the assessment and collection of taxes, as first enacted, and all the subsequent amendments thereto, I am of opinion that it has not been the intention of the legislature to exempt from taxation any personal property of a resident of this state for the reason that, at the time when the tax is levied, such property is beyond the boundaries of the state, but that the law in this respect remains the same as it was before the revised statutes were enacted.

But if it were conceded that this relator was not liable to be taxed in New York for goods and chattels owned by him which, when the assessment was made, were in New Orleans, or for capital then employed in his business in New Orleans, I do not think his statements and affidavits which were before the commissioners entitled him to the relief which he demanded. The case made by the relator was not that he had not in his possession in New York personal property not exempt from taxation exceeding in value $4000, but that the amount of personal property not exempt from taxation, held by him in New York, after deducting his just debts and lia-

bilities, did not exceed one dollar, and that he had no other personal property in possession except capital employed in his business in New Orleans. This statement may be literally true, and yet the fact be that the relator had $20,000 of taxable personal property in the city of New York, and $50,000 invested in a copartnership firm of which he was a member, doing business in New Orleans, and that such firm was indebted in the sum of $20,000 only, and the relator had no other debt or liability outstanding against him. If the facts had been so stated the relator, in my opinion, would undoubtedly be liable to taxation in New York upon the whole amount of the personal property in his possession here, and the indebtedness of his New Orleans firm should be applied in reduction of the amount of capital and other property of the firm held or employed in New Orleans and there liable to taxation.

And if the business of the relator in New Orleans is an individual business, and his debts have been contracted in relation to and for the carrying on of that business, I think the same rule should apply, and the amount of his capital and other property liable to taxation in New Orleans, should be diminished by the amount of such indebtedness, rather than that amount be deducted from the value of his personal property in New York not obtained by or connected with such indebtedness.

All the facts were within the relator's own knowledge, and when he applied to be relieved from taxation he should have made such a statement of them as clearly and necessarily to entitle him to the relief demanded; I think he has not done so, and that his application, for that reason, was properly denied.

In my opinion, the decision of the commissioners should be affirmed, with costs.

Decision affirmed.

[New York General Term, November 5, 1860. *Sutherland, Bonney* and *Hogeboom,* Justices.]